IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN KELLY FREEMAN, :<br>    *Plaintiff*, :<br>                            :<br>v.                            :<br>                             :<br>EMPLOYEES OF THE      :<br>PENNSYLVANIA BOARD OF  :<br>PROBATION AND PAROLE, *et al.*, :<br>    *Defendants*. : | CIVIL ACTION NO. 24-CV-1270 |

## MEMORANDUM

**Pappert, J.**                                                                                  **May 17, 2024**

Brian Kelly Freeman filed a *pro se* Complaint, purportedly pursuant to 42 U.S.C. § 1983, against two employees from the Pennsylvania Board of Probation and Parole. (ECF No. 2.) He seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Freeman leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to amendment.

I[1]

Freeman asserts that he was transferred from a county jail in California to the custody of the Pennsylvania Department of Corrections in 2022. (Compl. at 4.) He identifies two individual Defendants who are employees of the Pennsylvania Board of Probation and Parole, Richard J. Kwiatkowski and Maria Rosaria. (*Id.*) While Freeman cites various constitutional provisions, he does not allege any facts about how these individuals may have violated his rights, nor does he specify the relief he seeks.

---

[1] The facts set forth in this Memorandum are taken from Freeman's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

The Complaint also contains two pages labeled with the same page number and non-consecutive numbered paragraphs. (*See id.* at 4-5.) It is therefore possible that Freeman failed to include other pages or allegations he intended to submit as part of the Complaint.

II

The Court will grant Freeman leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss Freeman's Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Freeman is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "'pro se litigants still must allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala*,

704 F. 3d at 245). An unrepresented litigant "'cannot flout procedural rules—they must abide by the same rules that apply to all other litigants.'" *Id.*

In that regard, a complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). Rule 8 requires a pleading to include a "short and plain statement showing that the pleader is entitled to relief," as well as a statement of the court's jurisdiction and a demand for the relief sought. Fed. R. Civ. P. 8(a). In determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by [the named] defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). "Naturally, a pleading that is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* (internal quotations omitted). The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

### III

Freeman's Complaint indicates an intent to bring claims against the Defendants pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. (*See* Compl. at 2.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United

States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint fails to comply with Rule 8 or state a claim under § 1983 because Freeman alleges no facts to support his claims. He does not identify any acts by the Defendants that violated his rights, describe any injuries that he suffered, or demand any specific relief from the Court. Accordingly, his Complaint is far too "vague and ambiguous" to proceed. *Garrett*, 938 F.3d at 94.

## IV

For the foregoing reasons, the Court will grant Freeman leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for failure to comply with Rule 8 and for failure to state a claim. Freeman will be given leave to file an amended complaint in the event he can state a plausible basis for a claim against the named Defendants. An appropriate Order follows, which provides further instruction about amendment.

                                        **BY THE COURT:**

                                        */s/ Gerald J. Pappert*
                                        **GERALD J. PAPPERT, J.**